UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | No.  2:25-cv-3635 CSK P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis.  As discussed below, plaintiff's motion to supplement the fourth amended complaint is granted, plaintiff's unopposed motion to amend is granted, and plaintiff is granted leave to inform this Court whether he has timely complied with the Government Claims Act.

I.      PROCEDURAL BACKGROUND

Plaintiff began this action with a complaint filed on December 17, 2020, in the California Superior Court, Kings County, Case No. 20C0376.[1]  (ECF No. 1 at 2.)  The original complaint

---

[1]  Subsequently, on November 2, 2021 in this district court, plaintiff was found to be three-strikes barred under 28 U.S.C. § 1915(g), which precludes plaintiff from filing new civil rights actions in this court unless he can demonstrate he faced imminent danger of serious physical injury at the time of filing the complaint.  Lamon v. Mey, No. 20-cv-1474 TLN KJN (E.D. Cal.); see Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

1

was not served on defendants.  On November 3, 2022, this action was removed from state court and filed in the Fresno Division of the Eastern District of California.  (ECF No. 1 at 1-3.)  On June 28, 2023, the previous magistrate judge ordered plaintiff to clarify the record (ECF No. 20), and on August 18, 2023, plaintiff's motion to file a second amended complaint was granted (ECF No. 28).  On January 19, 2024, plaintiff's motion to substitute Michael Tillery for defendant Officer Tillery was granted.  (ECF No. 42; see ECF No. 12 (Notice of Suggestion of Death).)

On November 10, 2025, plaintiff filed a motion to amend, which was denied on November 12, 2025.  (ECF Nos. 53, 55.)  On December 15, 2025, petitioner filed another third amended complaint.  (ECF No. 56.)  On December 15, 2025, this action was transferred to the Sacramento Division of the Eastern District of California.  (ECF No. 57.)  On January 8, 2026, plaintiff filed a motion for leave to file a fourth amended complaint, along with his proposed fourth amended complaint, and on January 14, 2026, plaintiff filed a motion to supplement the pleading because plaintiff forgot to include his request for relief.  (ECF Nos. 60, 61, 62.)  On January 23, 2026, defendants filed a notice of non-opposition to the motion to amend, noting plaintiff had "whittled to a more compact complaint," and requested this Court screen the fourth amended complaint.[2]  (ECF No. 63 at 2.)

II.    PLAINTIFF'S MOTION TO SUPPLEMENT FOURTH AMENDED COMPLAINT

Plaintiff asks the Court to allow him to supplement his pleading to include his request for relief.  Good cause appearing, plaintiff's motion (ECF No. 61) is granted.  The Clerk of the Court is directed to append ECF No. 62 at 3-4, without the ribbon, to the end of plaintiff's fourth amended complaint (ECF No. at 18), so the relief is set forth at pages 19 and 20 of the fourth amended complaint.

III.    PLAINTIFF'S FOURTH AMENDED COMPLAINT

In his verified fourth amended complaint, plaintiff names as defendants K. McTaggart, J.

---

[2]  Counsel for defendants represents K. McTaggart, D. Laughlin, J. Filippello, N. Lamb, D. Tillery, J. Feltner, J. Walters, J. Bordewick, Z. Warren, J. Marquina, J. Pierce, D. Crozier, J. Sunderland, C. Jimenez, M. Besson, P. Covello, D. Webb, B. Holmes, I. Salinovich, S. Medina and K. Pinelli.  (ECF No. 63.)  Claims against defendant Rowe have not previously been screened in, he has not been served with process, and he is not represented by the remaining defendants' counsel.  (Id.)

Feltner, N. Lamb, Rowe, J. Sunderland, J. Fillipello, Z. Warren, S. Medina and "A. Tillery and or his estate." (ECF No. 61 at 2-3.) Plaintiff's allegations involve incidents at Mule Creek State Prison ("MCSP") from March 12, 2020, through March 31, 2021, stemming from the denial of his personal property, including his legal materials, and the wrongful confiscation of plaintiff's personal property granted him through settlement of a court case, allegedly in retaliation for plaintiff litigating court actions and filing grievances, as well as the interference with his confidential correspondence and spreading of confidential information that put his safety at risk. (ECF No. 61.) Plaintiff includes five potential state law claims arising from the alleged incidents. (ECF No. 61 at 15-18 (claims three through seven).) As a result, plaintiff suffered the loss of personal property, as well as physical attacks by inmates accusing plaintiff of snitching on prison officers, and ultimately resulting in plaintiff decompensating to the point of admission to a state hospital. (ECF No. 61 at 12.) Plaintiff seeks money damages

IV.     SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

V.    DISCUSSION

In claims three through seven, plaintiff alleges various violations of California state law. (ECF No. 61 at 15-18.)  The fourth amended complaint does not, however, plead any facts suggesting compliance with California's Government Claims Act ("GCA").  No state lawsuit for money or damages may be brought against a public entity unless those claims have been presented for review and rejected by issuing notice or failing to act.  See Cal. Gov't Code § 900 et seq. "Compliance with [the GCA] is required before plaintiff may sue a state entity or its officers for tort violations and claims under the California Constitution or the Bane Act." Davis v. Allison, 2023 WL 6796753, at *5 (E.D. Cal. Oct. 13, 2023) (citing collected cases), report and recommendation adopted sub nom. Davis v. Godwin, 2023 WL 8789296 (E.D. Cal. Dec. 19, 2023).  Plaintiff's fourth amended complaint does not allege compliance with the GCA and therefore fails to plead any state law claim for damages.  See Mohsin v. California Dep't of Water Res., 52 F. Supp. 3d 1006, 1017 (E.D. Cal. 2014) (dismissing state law claims for failure to allege compliance with GCA).

It is possible plaintiff could remedy this defect by alleging further facts if plaintiff timely presented his claims.  Given the contorted procedural history of this case, and that plaintiff is proceeding on his fourth amended complaint, this Court is not inclined to allow further amendment simply to rectify this defect, particularly if plaintiff can demonstrate that he timely presented his claims.  Therefore, this Court will not yet require counsel for defendants to respond, or order service of process on defendant Rowe, who has not yet been served in this action. Plaintiff is granted fourteen days to inform this Court whether he has timely filed a government tort claim as to each of his five state law claims.  If plaintiff has not timely filed a government tort claim, or if plaintiff fails to timely respond to this order, the Court will recommend that the state law claims be dismissed.

VI.    PREVIOUSLY-NAMED DEFENDANTS

As noted in defendants' notice of non-opposition, defendants D. Laughlin, Walters, J. Bordewick, J. Marquina, J. Pierce, D. Crozier, C. Jimenez, M. Besson, P.J. Covello, D. Webb, B. Holmes, I. Salinovich, and K. Pinelli were not named in plaintiff's amended complaints.  (ECF

4

No. 63 at 1 n.1.)  Thus, the Clerk's Office is directed to terminate those defendants from the Court's docket, as well as defendant California Department of Corrections and Rehabilitation, which is also not named in the fourth amended complaint.

VII.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to supplement the fourth amended complaint (ECF No. 61) is granted.  The Clerk of the Court is directed to append ECF No. 62 at 3-4, without the ribbon, to the end of plaintiff's fourth amended complaint (ECF No. 61 at 18), so the relief is set forth at the end of the fourth amended complaint as pages 19 and 20 of the fourth amended complaint (ECF No. 61).

2.  Plaintiff's unopposed motion to amend (ECF No. 60) is granted.

3.  Within fourteen days from the date of this order, plaintiff shall inform this Court whether he timely filed a government tort claim as to each state law claim pled in his fourth amended complaint.  Plaintiff is cautioned that if he fails to timely respond to this order, or fails to demonstrate his compliance with the GCA, this Court will recommend that the state law claims be dismissed.

4.  Counsel for defendants is relieved from filing a responsive pleading pending further order of this Court.

5.  The Clerk of the Court is directed to terminate defendants D. Laughlin, Walters, J. Bordewick, J. Marquina, J. Pierce, D. Crozier, C. Jimenez, M. Besson, P.J. Covello, D. Webb, B. Holmes, I. Salinovich, K. Pinelli, and the California Department of Corrections and Rehabilitation from the docket.

Dated:  April 27, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/lamo3635.fb.gca

5